UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Paul Calvin Dawkins, | ) | |
| | ) | C/A No.: 7:11-cv-02402-GRA |
| Petitioner, | ) | Cr. No.: 7:10-cr-00241-GRA |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on Petitioner Paul Calvin Dawkins's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). The Government has filed a Response and a Summary Judgment Motion.[1] For the reasons set forth below, Petitioner's Motion under 28 U.S.C. § 2255 is DENIED and Respondent's Motion for Summary Judgment is GRANTED.

**Background**

On July 26, 2010, Petitioner pled guilty to being in possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006) ("Count Three"). *See* ECF No. 2 & 36. On November 9, 2010, this Court sentenced Petitioner to sixty months imprisonment and three years of supervised release. ECF No. 43. Defendant did not appeal. Petitioner was

---
[1] Petitioner submitted a Reply to Government's Response, which the Court has reviewed as well.

represented by Lora E. Collins.  *See* ECF No. 34.  Petitioner filed his § 2255 Motion on September 8, 2011, seeking to vacate, set aside, or correct his current sentence on grounds of ineffective assistance of counsel.  ECF No. 56.

## **Standard of Review**

Petitioner brings this Motion *pro se*.  District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, Section 2255 provides that a prisoner in custody under sentence of a federal court may petition the court that imposed the sentence to

vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, if the motion, its attachments, and the records plainly show that the prisoner is not entitled to relief, the court must dismiss the motion. Rule 4(b), Rules Governing § 2255 Proceedings for the U.S. Dist. Cts.

Here, Respondent has filed a Motion for Summary Judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this

initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

## Discussion

### I. Ineffective Assistance of Counsel

Petitioner alleges that his counsel rendered ineffective assistance of counsel in three respects. First, counsel failed to raise the fact that Defendant allegedly did not "use" the firearm in the offense. Second, counsel failed to bring up the fact that the search warrant in this case allegedly lacked probable cause. Third, counsel did not attack Defendant's prior convictions during sentencing.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) that, but for his counsel's deficiencies, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. *Id.* at 690. The attorney's conduct must be "within the realm of competence demanded of attorneys in criminal cases." *Id.* at 687. There is "a strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance." *Id.* at 689 (directing that "[j]udicial scrutiny of counsel's performance must be highly deferential").

As for prejudice, a petitioner has the burden of proving that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. *Id.* at 694. He must demonstrate that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.* at 693. Thus, even if counsel's performance falls outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error likely had no effect on the judgment. *Id.* at 694.

A petitioner who argues ineffective assistance of counsel following a guilty plea faces a higher burden of proof for prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 53–59 (1985). He must show that, but for counsel's errors, he would not have pled guilty and insisted on going to trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

A court need not make a determination concerning the attorney's performance if it is clear that no prejudice resulted. *See Strickland*, 466 U.S. at 697. Here, the lack of prejudice is clear. Petitioner never showed, as he must, how his attorney's alleged failures impacted the outcome of his case. Petitioner

even stated in his Petition to Pled Guilty that he was satisfied with his attorney. *See* ECF No. 35. Even assuming that Petitioner could rebut the presumption that counsel rendered reasonable professional assistance, he cannot show that the result of the proceedings would have been different had counsel done more. As such, he has shown no error of constitutional magnitude. Therefore, his claims for ineffective assistance of counsel fail.

## II.   Challenge of Plea Colloquy

In his response to the government's answer, Petitioner is now asserting that the "mass-plea col[l]oquy" violates the Federal Rules of Criminal Procedure Rule 11 and that the "Plea Waiver" in the colloquy is unconstitutional. This Court is liberally construing this new claim as an attempt to amend the pleadings. Federal Rules of Civil Procedure Rule 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it or . . . if the pleading is one to which a responsive pleading is required, 21 days after services of responsive pleading or 21 days after service of motion under 12(b), (e), or (d), whichever is earlier."  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

In this case, the government filed its responsive pleading on September 27, 2011. Petitioner did not file his response to the pleading (which includes the new amendment) until November 4, 2011, which is outside the 21 days allowed.

Thus, it is up to the Court's discretion. This Court finds no merit that warrants addressing Petitioner's new claims at this time.

### III. Evidentiary Hearing

Next, Petitioner contends that he is entitled to an evidentiary hearing. However, it is clear from the record that Petitioner is not entitled to relief under § 2255, that his allegation of an unsigned warrant is without merit, and that an evidentiary hearing is not needed. *See Raines v. United States*, 423 F.2d 526 (4th Cir. 1970) (holding that it is within a District Court's discretion to deny, without a hearing, § 2255 motions where petitioner states only legal conclusions with no supporting factual allegations, or allegations which are vague, conclusory, or palpably incredible).

### **Conclusion**

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Motion. The Court declines to issue a certificate of appealability in this matter.[6]

**IT IS THEREFORE ORDERED** that the Respondent's Motion for Summary Judgment is GRANTED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

---

[6] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**IT IS FURTHERMORE ORDERED** that Petitioner's Writ of Habeas Corpus (ECF. 71) is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 5, 2011
Anderson, South Carolina